**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re: Foxtrot Retail Incorporated[1], <br><br>                          Debtor. | Chapter 7 <br> Case No. 24-BK-11014 (TMH) |
| ADELA MARAVILLA, OSCAR CORREA, CHRISTINA ROSS, AARON SAUBER, MIGUEL TORRES, on behalf of themselves and all other persons similarly situated, known and unknown, and KAMRYN NIEMINSKI, CIERRA BROWN, RONALDO AMAY, VIVIANA AUQUILLA, RAUL CASAS, MARIA GUADALUPE CASTRO, JORGE CHUNGATA, FRANCISCO GONZALEZ, RUBEN LOPEZ, JAVIER MACEDO, MARIA MARTINEZ, MARIA NAVARRETE, JACQUELINE QUINTANA, TOMAS RUIZ MATA, ALFREDO SANCHEZ, MARTIN SANTIAGO CRUZ, and JAVIER ZAVALA, individually, <br><br>                    *Plaintiffs,* <br><br>           v. <br><br> FOXTROT RETAIL INCORPORATED, OUTFOX HOSPITALITY LLC, FOXTROT VENTURES, INC., and DOMS MARKET, LLC, <br><br>          *Defendants*. | Adv. Proc. No. _____ |

**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT FOR VIOLATION OF**
**THE WARN ACT AND DECLARATORY JUDGMENT**

---

[1] Affiliated debtors include Foxtrot Holdings Texas Incorporated, Foxtrot Intermediate Texas Incorporated, Foxtrot Retail DC LLC, Foxtrot Retail Florida LLC, Foxtrot Retail Texas Incorporated, Foxtrot Ventures Incorporated, Outfox Hospitality LLC, Outfox Hospitality Midco LLC, Doms Market Holdco Inc. and Doms Market LLC, all of which filed Chapter 7 Petitions on May 14, 2024 in 24-BK-11008, 24-BK-11009, 24-BK-11010, 24-BK-11011, 24-BK-11012, 24-BK-11013, 24-BK-11015, 24-BK-11016, 24-BK-11017 and 24-BK-11018.

1

Adela Maravilla, Oscar Correa, Christina Ross, Aaron Sauber, Miguel Torres (collectively "Named Plaintiffs"), on behalf of themselves and all other persons similarly situated, known and unknown, and Kamryn Nieminski, Cierra Brown, Ronaldo Amay, Viviana Auquilla, Raul Casas, Maria Guadalupe Castro, Jorge Chungata, Francisco Gonzalez, Ruben Lopez, Javier Macedo, Maria Martinez, Maria Navarrete, Jacqueline Quintana, Tomas Ruiz Mata, Alfredo Sanchez, Martin Santiago Cruz, and Javier Zavala, individually (collectively, with Named Plaintiffs, "Plaintiffs"), for their adversary complaint against Foxtrot Retail Incorporated ("Foxtrot Retail"), Outfox Hospitality LLC ("Outfox"), Foxtrot Ventures, LLC ("Foxtrot Ventures"), and Doms Market, LLC ("Doms") (collectively "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. This is a class action adversary proceeding against Defendants for violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act"), for the recovery by Named Plaintiffs on their behalf and other similarly situated former employees of Defendants (the "WARN Act Class"), and the Plaintiffs, for damages in the amount of sixty (60) days' back pay and benefits pursuant to the WARN Act, 29 U.S.C. § 2104(a). This action also seeks a declaratory judgment that the claims of Named Plaintiffs, on behalf of similarly situated former employees, and Plaintiffs, individually, to be recognized as administrative expense claims or, alternatively, priority claims.

2. The WARN Act Class consists of persons who were formerly employed by the Defendants and were terminated within thirty (30) days of April 23, 2024.

3. On April 23, 2024, less than sixty (60) days prior to termination of their employment, Named Plaintiffs and Plaintiffs learned that they were to be terminated immediately without cause, as part of, or as the foreseeable result of, a mass layoff or facility

closing ordered by Defendants. The mass termination on or about April 23, 2024 violated the notice requirements of the WARN Act because it failed to give Named Plaintiffs and Plaintiffs and WARN Act Class members at least sixty (60) days' advance written notice of termination.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 29 U.S.C. § 2104(a)(5).

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O).

6. Venue is proper in this District pursuant to 28 U.S.C § 1409 and 29 U.S.C. § 2104(a)(5). The instant proceeding is related to the Debtors' Chapter 7 cases, which are pending in this district.

## THE PARTIES

*Plaintiffs*

7. Named Plaintiff Adela Maravilla ("Maravilla") was employed by Defendants and worked at or reported to one of Defendants' facilities located in Chicago, Illinois.

8. Named Plaintiff Maravilla is a resident of the State of Illinois.

9. Named Plaintiff Maravilla was terminated without cause.

10. Named Plaintiff Maravilla did not receive at least 60 days' written notice of her termination.

11. Named Plaintiff Oscar Correa ("Correa") was employed by Defendants and worked at or reported to one of Defendants' facilities located in Chicago, Illinois.

12. Named Plaintiff Correa is a resident of the State of Illinois.

13. Named Plaintiff Correa was terminated without cause.

3

14. Named Plaintiff Correa did not receive at least 60 days' written notice of his termination.

15. Named Plaintiff Christina Ross ("Ross") was employed by Defendants and worked at or reported to one of Defendants' facilities located in Chicago, Illinois.

16. Named Plaintiff Ross is a resident of the State of Illinois.

17. Named Plaintiff Ross was terminated without cause.

18. Named Plaintiff Ross did not receive at least 60 days' written notice of her termination.

19. Named Plaintiff Aaron Sauber ("Sauber") was employed by Defendants and worked at or reported to one of Defendants' facilities located in Chicago, Illinois.

20. Named Plaintiff Sauber is a resident of the State of Illinois.

21. Named Plaintiff Sauber was terminated without cause.

22. Named Plaintiff Sauber did not receive at least 60 days' written notice of his termination.

23. Named Plaintiff Miguel Torres ("Torres") was employed by Defendants and worked at or reported to one of Defendants' facilities located in Washington, D.C.

24. Named Plaintiff Torres is a resident of the District of Columbia.

25. Named Plaintiff Torres was terminated without cause.

26. Named Plaintiff Torres did not receive at least 60 days' written notice of his termination.

27. Plaintiff Kamryn Nieminski ("Nieminski") was employed by Defendants and worked at or reported to one of Defendants' facilities located in Chicago, Illinois.

28. Plaintiff Nieminski is a resident of the State of Illinois.

29. Plaintiff Nieminski was terminated without cause.

30. Plaintiff Nieminski did not receive at least 60 days' written notice of her termination.

31. Plaintiff Cierra Brown ("Brown") was employed by Defendants and worked at or reported to one of Defendants' facilities located in Washington, D.C.

32. Plaintiff Brown is a resident of the State of Virginia.

33. Plaintiff Brown was terminated without cause.

34. Plaintiff Brown did not receive at least 60 days' written notice of her termination.

35. Plaintiff Ronaldo Amay ("Amay") was employed by Defendants and worked at or reported to one of Defendants' facilities located in Chicago, Illinois.

36. Plaintiff Amay is a resident of the State of Illinois.

37. Plaintiff Amay was terminated without cause.

38. Plaintiff Amay did not receive at least 60 days' written notice of his termination.

39. Plaintiff Viviana Auquilla ("Auquilla") was employed by Defendants and worked at or reported to one of Defendants' facilities located in Chicago, Illinois.

40. Plaintiff Auquilla is a resident of the State of Illinois.

41. Plaintiff Auquilla was terminated without cause.

42. Plaintiff Auquilla did not receive at least 60 days' written notice of her termination.

43. Plaintiff Raul Casas ("Casas") was employed by Defendants and worked at or reported to one of Defendants' facilities located in Chicago, Illinois.

44. Plaintiff Casas is a resident of the State of Illinois.

45. Plaintiff Casas was terminated without cause.

46. Plaintiff Casas did not receive at least 60 days' written notice of his termination.

47. Plaintiff Maria Guadalupe Castro ("Castro") was employed by Defendants and worked at or reported to one of Defendants' facilities located in Chicago, Illinois.

48. Plaintiff Castro is a resident of the State of Illinois.

49. Plaintiff Castro was terminated without cause.

50. Plaintiff Castro did not receive at least 60 days' written notice of her termination.

51. Plaintiff Jorge Chungata ("Chungata") was employed by Defendants and worked at or reported to one of Defendants' facilities located in Chicago, Illinois.

52. Plaintiff Chungata is a resident of the State of Illinois.

53. Plaintiff Chungata was terminated without cause.

54. Plaintiff Chungata did not receive at least 60 days' written notice of his termination.

55. Plaintiff Francisco Gonzalez ("Gonzalez") was employed by Defendants and worked at or reported to one of Defendants' facilities located in Chicago, Illinois.

56. Plaintiff Gonzalez is a resident of the State of Illinois.

57. Plaintiff Gonzalez was terminated without cause.

58. Plaintiff Gonzalez did not receive at least 60 days' written notice of his termination.

59. Plaintiff Ruben Lopez ("Lopez") was employed by Defendants and worked at or reported to one of Defendants' facilities located in Chicago, Illinois.

60. Plaintiff Lopez is a resident of the State of Illinois.

61. Plaintiff Lopez was terminated without cause.

62. Plaintiff Lopez did not receive at least 60 days' written notice of his termination.

63. Plaintiff Javier Macedo ("Macedo") was employed by Defendants and worked at or reported to one of Defendants' facilities located in Chicago, Illinois.

64. Plaintiff Macedo is a resident of the State of Illinois.

65. Plaintiff Macedo was terminated without cause.

66. Plaintiff Macedo did not receive at least 60 days' written notice of his termination.

67. Plaintiff Maria Martinez ("Martinez") was employed by Defendants and worked at or reported to one of Defendants' facilities located in Chicago, Illinois.

68. Plaintiff Martinez is a resident of the State of Illinois.

69. Plaintiff Martinez was terminated without cause.

70. Plaintiff Martinez did not receive at least 60 days' written notice of her termination.

71. Plaintiff Maria Navarrete ("Navarrete") was employed by Defendants and worked at or reported to one of Defendants' facilities located in Chicago, Illinois.

72. Plaintiff Navarrete is a resident of the State of Illinois.

73. Plaintiff Navarrete was terminated without cause.

74. Plaintiff Navarrete did not receive at least 60 days' written notice of her termination.

75. Plaintiff Jacqueline Quintana ("Quintana") was employed by Defendants and worked at or reported to one of Defendants' facilities located in Chicago, Illinois.

76. Plaintiff Quintana is a resident of the State of Illinois.

77. Plaintiff Quintana was terminated without cause.

78. Plaintiff Quintana did not receive at least 60 days' written notice of her termination.

79. Plaintiff Tomas Ruiz Mata ("Ruiz Mata") was employed by Defendants and worked at or reported to one of Defendants' facilities located in Chicago, Illinois.

80. Plaintiff Ruiz Mata is a resident of the State of Illinois.

81. Plaintiff Ruiz Mata was terminated without cause.

82. Plaintiff Ruiz Mata did not receive at least 60 days' written notice of his termination.

83. Plaintiff Alfredo Sanchez ("Sanchez") was employed by Defendants and worked at or reported to one of Defendants' facilities located in Chicago, Illinois.

84. Plaintiff Sanchez is a resident of the State of Illinois.

85. Plaintiff Sanchez was terminated without cause.

86. Plaintiff Sanchez did not receive at least 60 days' written notice of his termination.

87. Plaintiff Martin Santiago Cruz ("Santiago Cruz") was employed by Defendants and worked at or reported to one of Defendants' facilities located in Chicago, Illinois.

88. Plaintiff Santiago Cruz is a resident of the State of Illinois.

89. Plaintiff Santiago Cruz was terminated without cause.

90. Plaintiff Santiago Cruz did not receive at least 60 days' written notice of his termination.

91. Plaintiff Javier Zavala ("Zavala") was employed by Defendants and worked at or reported to one of Defendants' facilities located in Chicago, Illinois.

92. Plaintiff Zavala is a resident of the State of Illinois.

93. Plaintiff Zavala was terminated without cause.

94. Plaintiff Zavala did not receive at least 60 days' written notice of his termination.

95. In addition to Plaintiffs, Defendants employed other similarly situated individuals who worked at, reported to, or received assignments from Defendants.

96. On or about April 23, 2024, other employees who worked at, reported to, or received assignments from Defendants were terminated from their employment by Defendants, effective immediately.

97. None of Defendants' employees who were terminated on or about April 23, 2024, received advance written notice of their terminations.

98. Named Plaintiffs estimate that over 200 similarly situated employees were terminated within 30 days of April 23, 2024.

*Defendants*

99. Defendants engaged in the business of operating coffee shops, supermarkets, and retail establishments. Defendants employed a large number of clerks, shopkeepers, food preparation workers, and various other staff roles to maintain operations of their stores.

100. Upon information and belief and at all relevant times, Defendant Foxtrot Retail Incorporated is an Illinois corporation with its main office located in Chicago, Illinois.

101. Upon information and belief and at all relevant times, Defendant Outfox Hospitality is a Delaware corporation with its main office located in Chicago, Illinois.

102. Upon information and belief and at all relevant times, Defendant Foxtrot Ventures, Inc. is a Delaware corporation with its main office located in Chicago, Illinois.

103. Upon information and belief and at all relevant times, Defendant Doms Market LLC is a Delaware corporation with its main office located in Chicago, Illinois.

104. At all relevant times, Defendants conducted business in this district.

105. Although some of the Named Plaintiffs and Plaintiffs were nominally employed by Defendant Foxtrot, Defendants Outfox and Doms were also the Plaintiffs' and similarly situated individuals' "Employer" until they were terminated as part of, or as a result of, a mass layoff and/or plant closing, ordered by Defendants on or about April 23, 2024.

106. Upon information and belief, Defendants constituted a "single employer" of Named Plaintiffs and Plaintiffs and the other Class members in that among other things:

*Common Ownership*

(a) Upon information and belief, all Defendants are commonly owned.

*Common Directors and Officers*

(b) Upon information and belief, at all relevant times, the Defendants shared common Officers and Directors.

*Dependency of Operations*

(c) Upon information and belief, at all relevant times, there was a dependency of operations between Defendants.

*Unity of Personnel Policies*

(d) Upon information and belief, at all relevant times there was a unity of personnel policies emanating from a common source between Defendants.

(e) Upon information and belief, all of the Defendants decided to effectuate the mass layoff and/or plant closing at the facilities without providing a WARN notice.

*De Facto Control*

(f) Upon information and belief, all of the Defendants exercised de facto control over the labor practices governing the Named Plaintiffs, Plaintiffs and the Class including the decision

to order the mass layoff and/or plant closing of Defendants' facilities.

107. On or about April 23, 2024, and thereafter, Defendants as a single employer, ordered the termination of Named Plaintiffs' and Plaintiffs' employment together with the termination of all other employees who worked at or reported to Defendants' facilities as part of a mass layoff and/or plant closing as defined by the WARN Act for which they were entitled to receive 60 days advance written notice under the WARN Act.

## FEDERAL WARN ACT CLASS ALLEGATIONS, 29 U.S.C. § 2104

108. The April 23, 2024, mass layoff resulted in loss of employment for all store employees at all Foxtrot and Dom's locations.

109. Upon information and belief, Defendants began negotiating and/or planning the early, voluntary termination of their operations.

110. Defendants did not provide sixty days WARN Act Notice or as much notice as practicable under the circumstances as required by 29 USC § 2101 *et seq*., even though Defendants planned to close all locations and abolish, terminate, and/or layoff the employees employed there.

111. Defendants did not provide any WARN Act Notice to State dislocated worker units and local governments prior to the mass layoff.

112. Upon information and belief, no circumstances existed that would have permitted Defendants to eliminate the notification period as provided in the WARN Act.

113. By failing to provide its affected employees who were temporarily or permanently terminated on April 23, 2024, with WARN Act Notices and other benefits, Defendants have acted willfully and cannot establish that it had any reasonable grounds or basis for believing its actions were not in violation of the statute.

## RULE 23 CLASS ACTION ALLEGATIONS

114. Pursuant to 29 U.S.C. § 2104(a)(5), Federal Rule of Bankruptcy Procedure 7023, and Federal Rule of Civil Procedure 23(a) and (b)(3), Named Plaintiffs bring this adversary proceeding for relief against Defendants for violation of the WARN Act, 29 U.S.C. § 2101 *et seq.*, on their own behalf and on behalf of all other persons similarly situated, as representatives of the following class (the "WARN Act Class"): All former employees of Defendants who:

    a. were terminated without cause beginning on April 23, 2024, and within 30 days of that date; or

    b. were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or facility closings ordered by Defendants on April 23, 2024; and

    c. are affected employees, as that term is defined by the WARN Act in 29 U.S.C. § 2101(a)(5).

115. Named Plaintiffs reserve the right to amend the definition of the Class to include or exclude members.

116. As described below, this action satisfies the numerosity, commonality, typicality, superiority, predominance, and adequacy of representation requirements of Federal Rule of Bankruptcy Procedure 7023 and Federal Rule of Civil Procedure 23.

### Numerosity

117. The persons in the WARN Act Class are so numerous that joinder of all members is impracticable. In the interest of judicial economy, this dispute should be resolved through class action.

118. Upon information and belief, Defendants employed more than 300

employees on April 23, 2024.

119. Although the precise number of such persons is unknown, the number, identity, and location of the WARN Act Class Members may be identified by the books and records maintained and possessed by Defendants and are ascertainable through appropriate discovery.

120. Upon information and belief, the rate of pay and benefits that were being paid to each WARN Act Class Member by Defendants at the time of his/her termination is contained in the books and records of Defendants and is ascertainable through appropriate discovery.

**Commonality**

121. There are common questions of law and fact affecting the entirety of the WARN Act Class. Specifically, common questions include, without limitation:

    a. whether the members of the Class were employees of Defendants who worked at, received assignments from, or reported to Defendants' Facilities;

    b. whether each of the Defendants was an employer within the scope of the WARN Act;

    c. whether Defendants unlawfully terminated the employment of the members of the Class by terminating them without cause and without providing written notice sixty (60) days in advance of termination, all in violation of the WARN Act;

    d. whether Defendants unlawfully failed to pay the WARN Act Class Members sixty (60) days' wages and benefits as required by the WARN Act;

    e. Answers to these common questions will drive the resolution of the claims shared by each member of the Class.

**Typicality**

122. Named Plaintiffs' claims are representative of those of all members of the WARN

Act Class.

123.    Named Plaintiffs are employees who were terminated beginning on or about April 23, 2024 due to the mass layoff and/or facility closing ordered by Defendants.

### Predominance and Superiority

124.    Class certification of these claims is appropriate under Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to the WARN Act Class predominate over any questions affecting only individual WARN Act Class Members. These common questions include, but are not limited to:

   a.    whether the members of the Class were employees of Defendants who worked at, received assignments from, or reported to Defendants' facilities;

   b.    whether each of the Defendants was an employer within the scope of the WARN Act;

   c.    whether Defendants unlawfully terminated the employment of the members of the Class by terminating them without cause and without providing written notice sixty (60) days in advance in violation of the WARN Act;

   d.    whether Defendants unlawfully failed to pay the WARN Act Class Members sixty (60) days' wages and benefits as required by the WARN Act.

125.    This action should be maintained as a class action because the prosecution of separate, and largely duplicative actions by individual members of the WARN Act Class would create a risk of inconsistent or varying adjudications.

126.    A class action is particularly valuable in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants, and damages suffered by individual WARN Act Class

Members are small compared to the expense and burden of individually prosecuting their claims.

127. A class action is superior to other available methods for the fair and efficient adjudication of this controversy as it will conserve judicial resources and the resources of the parties and is likely to present significantly fewer difficulties than those presented in individual claims and adjudications. The identities of the WARN Act Class Members may be obtained from Defendants' records. Plaintiffs intend to send notice to all members of the WARN Act Class to the extent required by Rule 23.

### Adequacy of Representation

128. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs' interests are squarely aligned with those of individual members of the Class.

129. On or about April 23, 2024, Plaintiffs were notified of termination and subsequently terminated by Defendants as part of a mass layoff and/or facility closing, as those terms are defined in 29 U.S.C. § 2101(a)(2) and (3). They were entitled to receive written notice under the WARN Act sixty (60) days in advance of termination and were not provided that notice.

130. Plaintiffs have retained counsel competent and experienced in complex class action lawsuits and employment litigation.

### COUNT I - VIOLATION OF THE FEDERAL WARN ACT
**(Named Plaintiffs on behalf of the WARN Class and Plaintiffs individually)**

131. Named Plaintiffs and Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

132. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

133. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639.(3)(a)(1) and continued to operate as a business until they decided to order the mass layoff or plant closing of their facilities.

134. On or about April 23, 2024 and within 30 days of that date, Defendants ordered a mass layoff and/or plant closing, as that term is defined by 29 U.S.C. § 210l(a)(2)(3).

135. The mass layoff or plant closing at their facilities resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(3) for at least fifty of Defendants' employees as well as thirty-three percent of Defendants' workforce.

136. Named Plaintiffs and the Class Members, and Plaintiffs, were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants.

137. Named Plaintiffs and the Class Members, and Plaintiffs, are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

138. Defendants were required by the WARN Act to give Named Plaintiffs and the Class Members, and Plaintiffs, at least 60 days advance written notice of their terminations.

139. Defendants failed to give Named Plaintiffs and the Class members, and Plaintiffs, written notice that complied with the requirements of the WARN Act.

140. Named Plaintiffs, Plaintiffs, and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

141. Defendants failed to pay Named Plaintiffs, Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

### COUNT II - FOR DECLARATORY JUDGMENT THAT DAMAGES ARE ENTITLED TO ADMINISTRATIVE EXPENSE OR PRIORITY CLASSIFICATION ON BEHALF OF THE WARN ACT CLASS

142. Named Plaintiffs and Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

143. Plaintiffs seek declaratory judgment that their claims for Damages for WARN Act Violations are administrative expenses under 11 U.S.C. § 503(b), because these claims arose postpetition.

144. Alternatively, Plaintiffs seek declaratory judgment that their claims for Damages for WARN Act Violations are priority claims and are entitled to priority status treatment pursuant to 11 U.S.C. § 507(a)(4) and/or (5), up to the amount of $15,150 per employee.

### PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs, on behalf of themselves and all other similarly situated former employees, and Plaintiffs, pray for the following relief against Defendants:

 A. Certification of this action as a class action;

 B. Designation of Named Plaintiffs as the WARN Class Representatives;

 C. Appointment of the undersigned attorneys as Class Counsel for all Class Members;

D.	A judgment against Defendants in favor of Plaintiffs and the other similarly situated former employees equal to the sum of: their unpaid wages, as determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A);

E.	Plaintiffs' reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6), NYLL § 860-g (7); and NYLL § 198 (1-d); and

F.	Such other and further relief requested in the Complaint and as this Court may deem just and proper.

Dated: May 16, 2024	*/s/ P. Bradford deLeeuw*
P. Bradford deLeeuw (DE No. 3569)
**DELEEUW LAW LLC**
1301 Walnut Green Road
Wilmington, DE 19807
Phone: (302) 274-2180
Email: brad@deleeuwlaw.com

OF COUNSEL:

Douglas M. Werman - dwerman@flsalaw.com
**WERMAN SALAS P.C.**
77 West Washington St., Suite 1402
Chicago, Illinois 60602
Tel.: (312) 419-1008
Fax: (312) 419-1025

Jason S. Rathod - jrathod@classlawdc.com
Nicholas A. Migliaccio – nmigliaccio@classlawdc.com
**MIGLIACCIO & RATHOD LLP**
412 H St NE, Suite 302
Washington D.C. 20002
Telephone: (202) 470-3520